FCAWSPENCER P. HUGRET (SBN: 240424)
shugret@grsm.com
HAILEY M. ROGERSON (SBN: 311918)
hAzemoon@grsm.com
GREG GRUZMAN (SBN: 245701)
ggruzman@grsm.com
ALI AZEMOON (SBN: 331503)
aazemoon@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
FCA US LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MILLER formerly known as MICHELLE BAUTISTA and LANCE MILLER,<br><br>Plaintiffs,<br><br>vs.<br><br>FCA US, LLC; MONROVIA CHRYSLER DODGE JEEP RAM; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT FCA US LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446**<br><br>State Court Complaint Filed: November 14, 2022<br><br>Removal Date: July 18, 2023 |

## NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant FCA US, LLC ("FCA"), by its counsel GORDON REES SCULLY MANSUKHANI LLP, hereby removes to this court, pursuant to 28 U.S.C. §§§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. 22STCV35993 of the Superior Court of California, County of Los Angeles. In support of this removal, FCA states as follows:

### I.   THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court

of California, County of Los Angeles by Plaintiffs Michelle Miller formerly known as Michelle Bautista and Lance Miller ("Plaintiffs") against FCA, entitled *Michelle Miller, et al. v. FCA US, LLC, et al.*, Los Angeles County Superior Court Case No. 22STCV35993 (the "State Action"). The two originally named Defendants were FCA and Monrovia Chrysler Dodge Jeep Ram ("Monrovia") (collectively, "Defendants"). (*See* **Exh. A** to the Declaration of Greg Gruzman ["Gruzman Decl."], filed concurrently herewith.) FCA is the only remaining named Defendant in the case, as Plaintiffs voluntarily dismissed Monrovia on June 23, 2023. (*See* **Exh. B** to Gruzman Decl.)

2. Plaintiffs filed the State Action on November 14, 2022, asserting, against FCA, four causes of action for violation of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act") including for breaches of express and implied warranty based on their purchase of a 2018 Jeep Grand Cherokee, VIN: 1C4RJEBG0JC429831 ("Vehicle"). Plaintiffs additionally asserted one cause of action for negligent repair against Monrovia –now dismissed. (*See* Gruzman Decl., ¶ 4, **Exh. A**)

3. FCA was served with the Complaint on November 16, 2022. (Gruzman Decl., ¶ 5).

4. On April 4, 2023, FCA filed and served its Notice of Motion and Motion to Compel Arbitration ("Motion"). The Motion to Compel came before the Los Angeles Superior Court on July 7, 2023.

5. Plaintiffs dismissed Monrovia from this action on June 23, 2023. (See, **Exh. B** to the Gruzman Decl.)

## II. PROCEDURAL REQUIREMENTS

6. Generally, a defendant has thirty (30) days from the date of service of a copy of the complaint to remove a case. 28 U.S.C. § 1446(b). However, if the case stated by the initial pleading is not removable, a defendant has thirty (30) days from the date of service or receipt of a copy of an amended pleading, motion, order

1  or other paper from which it may first be ascertained that the case is one which is
2  or has become removable to remove a case. 28 U.S.C. § 1446(3).

3      7.    FCA received notice of this matter after it was served with a copy of
4  the Complaint on November 16, 2022. As of the date of service on FCA, this
5  matter was not removable as the Complaint did not contain facts that gave rise to a
6  "federal question" and, with the inclusion of Monrovia, a California entity,
7  complete diversity of citizenship did not exist. 28 U.S.C. § 1332. (Gruzman Decl.,
8  ¶¶ 5-8).

9      8.    "[O]nly a voluntary act of the plaintiff [can] bring about removal to
10 federal court." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 658 (9th Cir. 1978). This
11 rule is known as the "voluntary-involuntary" rule, and "requires that a suit remain
12 in state court unless a 'voluntary' act of the plaintiff brings about a change that
13 renders the case removable." See *Id.* at 657. A dismissal entered at the request of a
14 party is a voluntary act. *Heller v. American States Insurance Company*, 2016 WL
15 1170891, *3 (C.D. Cal. 2016), (citing *D & J, Inc. v. Ferro Corp.,* (1986) 176 Cal.
16 App. 3d 1191, 1194).

17     9.    Plaintiffs filed a Request for Dismissal as to Monrovia on June 23,
18 2023. (*See* Gruzman Decl., ¶ 10, **Exh. B.**) In light of Plaintiffs' voluntary dismissal
19 of Monrovia, FCA recognized this matter was now removable to Federal Court
20 based on complete diversity of citizenship. (Gruzman Decl., ¶ 11.)

21     10.    Based upon the Lease Agreement, counsel for FCA was able to
22 ascertain the amount in controversy. (*See* **Exh. C** to the Gruzman Decl.)

23     11.    Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days
24 since June 23, 2023 has not elapsed.

25     12.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and
26 orders for the State Action in FCA's possession are contained in **Exhibits A-B and**
27 **F-QQ** to the Gruzman Declaration, filed herewith.

28     13.    Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1  District of California because this district embraces the place in which the State
2  Action has been pending.

3      14.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice
4  of Removal will be filed with the Superior Court of California, County of Los
5  Angeles promptly after filing of same in this Court.

6      15.    Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice
7  of Removal will be given to all adverse parties promptly after the filing of same in
8  this Court.

9      16.    If any question arises as to the propriety of the removal of this action,
10 FCA requests the opportunity to conduct discovery, brief any disputed issues and
11 to present oral argument in favor of its position that this case is properly
12 removable.

13     17.    Nothing in this Notice of Removal shall be interpreted as a waiver or
14 relinquishment of FCA's right to assert defenses including, without limitation, the
15 defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum*
16 *non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of
17 process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim,
18 (vii) failure to join indispensable party(ies), or (viii) any other procedural or
19 substantive defense available under state or federal law.

20 **III.    THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET**
21 **A.    Plaintiffs' Damages**

22     18.    For diversity jurisdiction over a claim, the amount in controversy
23 must exceed $75,000. *See* 28 U.S.C. § 1332. The amount in controversy in this
24 action exceeds $75,000, exclusive of interest and costs.

25     19.    The removing party's initial burden is to "file a notice of removal that
26 includes 'a plausible allegation that the amount in controversy exceeds the
27 jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th
28 Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

20. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiffs to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

21. FCA disputes that it is liable for any damages whatsoever to Plaintiffs. Nevertheless, FCA can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

22. In the case at bar, Plaintiffs seek monetary relief. This is a products liability case. Plaintiff alleges breach of express and implied warranties under the Song-Beverly Consumer Warranty Act. (*See* **Exh. A** to Gruzman Decl.)

23. Plaintiffs seek monetary relief under the Song-Beverly Act including but not limited to, actual damages, restitution, incidental and consequential damages, reasonable attorneys' fees and costs of suit, and a ***civil penalty in the amount of two times Plaintiff's actual damages***. (*See* **Exh. A** to Gruzman Decl.,

¶¶ 28, 29, 38, and Prayer at pp. 8:18-28.)

24. The Song-Beverly Act authorizes a prevailing party to recover up to two times the purchase price of the vehicle as civil penalty, which is, in fact, the exact amount of civil penalties Plaintiffs seek in this action. Cal. Civ. Code § 1794(c).

25. The amount in controversy calculation includes civil penalties under the Song-Beverly Act. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). *See, e.g.*, *Ferguson v. Kia Motors America, Inc.*, Case No. 20-cv-01192, 2021 WL 1997550, *3 (E.D. Cal. May 19, 2021) (Mueller, K.); *Chavez v. JPMorgan Chase & Co.* 888 F.3d 413, 417 (9th Cir. 2018) (amount in controversy includes all remedies provided by law, "whatever the likelihood that [plaintiff] will actually recover them").

26. The amount in controversy also includes reasonable estimates of attorney's fees. *Id*. at 1011; *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

27. Moreover, where attorney's fees are recoverable, future fees, and not just fees incurred at the time of removal, are "at stake" in the litigation and should be included in the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

28. The Song-Beverly Act allows for the recovery of attorney's fees. Cal. Civil Code § 1794(d).

29. The Vehicle was leased by Plaintiffs, and the amount of payments paid on lease per the Lease Agreement was $25,315.65. (*See* Gruzman Decl., ¶¶ 13-15, **Exh. C,** Lease Agreement.)

30. Even before taking attorney's fees or incidental and consequential damages into account, if Plaintiffs were to prevail on their Song-Beverly claims, they could be awarded damages of $75,000.00 or more if awarded statutory civil penalties. Plaintiff's actual damages of payments made pursuant to the lease of

$25,315.65, plus $50,631.30 as a double civil penalty (2x $25,315.65) pursuant to Civil Code Section 1794, brings the total amount in controversy to *at least* **$75,946.95**. (*See* Gruzman Decl., ¶ 16.)

31. Plaintiffs further contend they are entitled to incidental/consequential damages, which Plaintiffs will likely contend includes such items as DMV registration payments and insurance premiums pursuant *Kirzhner v. Mercedes-Benz USA, LLC*, 9 Cal. 5th 966, 470 P.3d 56 (2020).[1] Plaintiffs will likely claim incidental and consequential damages for the three-year lease period on at least $3,500, including for the insurance premiums and DMV registration fees, which adds an additional $10,500 to the amount in controversy ($3,500 + $7,000 civil penalty). (Declaration of Spencer P. Hugret ("Hugret Decl."), ¶ 6). With the incidental and consequential damages, the amount in controversy rises to at least **$86,446.95**.

32. The Song-Beverly Act allows the recovery of attorney's fees and costs to the prevailing party pursuant to California Civil Code section 1794(d). The attorney fee and cost payments tendered (or for judgments entered) to plaintiffs' counsel routinely adds significant financial exposure to an automotive manufacturer and are a recoverable element of damages in lawsuits involving the Song-Beverly Act. The recovery of attorney's fees regularly exceeds $50,000. (Hugret Decl., ¶ 4-5; See also *Geredes v. Chrysler Group LLC*, Superior Court of California, County of Los Angeles, Case No. BC523641, Verdict/Judgment Date December 6, 2017, plaintiff awarded $244,081 in attorney's fees in Song-Beverly Action, represented by the same law firm that represents Plaintiff in this action.)

33. In further support of the amount of attorney fees in controversy, FCA submits that the extent of potential attorney's fees, in this case, is readily apparent

---

[1] FCA does not concede liability for incidental/consequential damages in any amount at this time. However, Plaintiffs clearly contend they are entitled to such damages which is sufficient to bring them into controversy.

by reference to the fee declaration of Mr. Payam Shahian, managing partner of Strategic Legal Practices, APC, counsel for Plaintiff in the instant matter, filed in support of a fee petition in the Song-Beverly Act action of *Maria Aguilar v. FCA US LLC*, Los Angeles Superior Court, Case No. 19STCV26713. (See Exh. D to Gruzman Decl., ¶ 14.) In his declaration, Mr. Shahian requests a fee of $45,503.72 for a Song-Beverly lawsuit that was pending for nine months before settlement and did not proceed to trial, and provides multiple examples of prior fee decisions. (See Exh. D to Gruzman Decl., ¶ 17.)

### B. Mileage Offset

34. Pursuant to the Song-Beverly Act, the manufacturer is entitled to deduct an offset for the time a plaintiff drove the vehicle trouble-free. Cal. Civ. Code § 1793.2(d)(2)(C). The mileage offset is calculated pursuant to a statutory formula, whereby the purchase price is multiplied by the mileage the vehicle was driven "prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity," and dividing this amount by 120,000. Cal. Civ. Code § 1793.2. (*Id.*)

35. FCA disputes that a "mileage offset" must be factored into the amount in controversy calculation. The amount in controversy is established by what a plaintiff demands by way of his/her Complaint, not by any reductions that a defendant might achieve through its defenses. *See Geographic Expeditions, Inc. v. Estate of Lhota ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) ("[I]f a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction"); *see also Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *3 (C.D. Cal. May 30, 2014) (relying on *Geographic Expeditions* to hold that "potential offsets are inapplicable to the amount-in-controversy exception").

36. Assuming, arguendo, that the mileage offset should be considered, which FCA disputes, the offset for Plaintiffs' Vehicle would still not cause the amount in controversy to be reduced to an amount less than $75,000.

37. Repair Orders provided by FCA's authorized dealership and seller of the Vehicle, Monrovia, indicate the first presentation Plaintiffs made for a repair concerning the Vehicle was on was on January 16, 2020 when Plaintiffs brought the Vehicle in for a leaking water pump. The Vehicle mileage at the time of this presentation was 14,358. (Gruzman Decl., ¶ 17, **Exh. E**)

38. Pursuant to the Lease Agreement, the mileage of the Vehicle at the time Plaintiffs purchased the Vehicle was 82. (*See* Gruzman Decl., ¶ 18, **Exh. C**.) Thus, Plaintiffs drove the Vehicle 14,276 miles before the first presentation for any repair. (*i.e.*, 14,358 - 82 = 14,276). (Gruzman Decl., ¶ 19.)

39. Using the Song Beverly offset calculation, 14,276 miles multiplied by the agreed value of the Vehicle ($38,962.52) and then divided by 120,000 miles, obtains the offset figure of $4,635.24. Subtracting the offset amount from the total cost of the Vehicle brings the amount of "actual" damages in controversy to $20,680.41 (*i.e.*, $25,315.65 - $4,635.24). With Plaintiffs' demand for a two-time civil penalty ($41,360.82), and the incidental/consequential damages of at least $10,500 the actual damages in controversy is $72,541.23, with the addition of at least $35,000 in attorney fees, the amount in controversy is well over the minimum threshold. (Gruzman Decl., ¶ 20.)

40. Thus, the total amount in controversy exceeds $75,000.00 even when the mileage offset and taken into account, and the amount in controversy requirement is satisfied. (*See* Gruzman Decl., ¶¶ 14-20; Cal. Civ. Code § 1793.2(d)(2)(B)-(C); § 1794(c)).

### IV. <u>DIVERSITY OF CITIZENSHIP EXISTS</u>

41. Plaintiffs are, and were at the time of filing of the Complaint, a citizen and resident of California. (See **Exh. A** to Gruzman Decl., ¶ 2; *Ervin v. Ballard*

*Marine Constr., Inc.* (N.D.Cal. Aug. 11, 2016, No. 16-cv-02931-WHO) 2016 U.S.Dist. LEXIS 106507, at *8 [internal citations omitted] (Plaintiff's complaint stated only that he was a resident of Oregon, it made no statement as to Plaintiff's citizenship. The Court found that for diversity purposes Plaintiff is a citizen of the state in which they reside in the absence of evidence to the contrary.)).

42. FCA is not a citizen of California for purposes of diversity jurisdiction. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ["An LLC is a citizen of every state of which its owners/member are citizens."].

43. FCA is a limited liability company organized under the laws of the State of Delaware and its sole member is FCA North America Holdings LLC, also a limited liability company organized under the laws of the State of Delaware, and the sole member of FCA North America Holdings LLC is Stellantis Ventures B.V. (formerly known as FCA Holdco B.A.), a company incorporated under the laws of the Netherlands with its principal place of business in London, United Kingdom. Stellantis Ventures B.V. is one hundred percent owned by Stellantis N.V. (formerly known as Fiat Chrysler Automobiles N.V.), a public company incorporated under the laws of the Netherlands and its principal place of business is London, United Kingdom. The principal executive offices of the Stellantis N.V are located at Singaporestraat 92-100, 1175 RA Lijnden, the Netherlands. (*See* **Exhs. RR-WW** to Gruzman Decl., ¶¶ 54-59; FCA's Corporate Disclosure Statement filed concurrently herewith; *see also* Fed. R. Evid. 201(b)(2) [courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."]; *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1158 (C.D. Cal. 2007) ["the Court may properly take judicial notice of the SEC filings as public records of undisputed authenticity."]).

44. Because FCA is a limited liability company, and because its ultimate

owner is a foreign corporation formed under the laws of the Netherlands, FCA is not considered a citizen of California for purposes of diversity jurisdiction.

45. Since the dismissal of Monrovia on June 23, 2023, no other parties remain in this action.

46. Accordingly, complete diversity exists between Plaintiffs and FCA.

## V.   CONCLUSION

46. Consequently, the State Action may be removed to this Court by FCA in accordance with the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Dated: July 18, 2023                                    Respectfully submitted,

*/s/ Greg Gruzman*
Spencer P. Hugret
Hailey M. Rogerson
Greg Gruzman
Ali Azemoon
Attorneys for Defendant
FCA US LLC